TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00262-CV






Jesús Rodriguez-Aguero, M.D., Appellant


v.


Texas Medical Board, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-08-002190, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellant Jesús Rodriguez-Aguero, M.D., appeals from the district court's judgment
affirming a final order of appellee the Texas Medical Board imposing disciplinary sanctions against
him. In several issues, appellant contends the district court erred in affirming the Board's final order. 
Because we find no error in the Board's final order and we conclude that the Board's order
was supported by substantial evidence, we affirm the district court's judgment affirming the
Board's order.


BACKGROUND


 Appellant has been licensed by the Board since 1965. He has been a thoracic surgeon
for over forty years and was the chief surgeon at the Chest Hospital in Harlingen, Texas for
twenty-seven years, where he specialized in the treatment of tuberculosis.

 On April 5, 2000, a 73-year-old female named E.R. was referred to appellant for
diagnosis and treatment of a mass in her left lung. Based on positive bacterial cultures, appellant
initially treated E.R. with antibiotics and performed tests for tuberculosis, which were negative. 
Appellant then performed a bronchoscopy, which was inconclusive. Appellant monitored E.R.'s
condition with x-rays in April, May, and July 2000. In July, appellant told E.R. to return in
December 2000. E.R. did not return for further treatment until the end of January 2001. E.R.
underwent an open biopsy in February 2001 that resulted in the removal of a cancerous tumor from
the upper lobe of her left lung. At the time of that biopsy, the cancer had metastasized into E.R.'s
spine. In 2002, after undergoing chemotherapy with oncologist Dr. Joseph Litam, E.R. was found
to have lymphoma. E.R. died in May 2002.


Civil court proceedings

 Almost one year after E.R. died, E.R.'s family sued appellant for negligence. The
cause was tried to a jury, and the jury returned a verdict in favor of appellant. See Reyna
v. Rodriguez-Aguero, No. C-352-03-A (92nd Dist. Hidalgo County, May 24, 2004).


Proceedings before the Board

 A) Informal Settlement Conference/Show Compliance Hearing

 Shortly after the jury verdict was rendered in the civil suit against appellant, the Board
sent appellant a Notice of Informal Settlement Conference/Show Compliance Hearing. The informal
settlement conference and hearing was held on September 16, 2005, and representatives of the Board
reviewed and considered various allegations regarding appellant's care and treatment of E.R. After
this conference, the Board sent appellant a proposed Agreed Order, which appellant rejected.


 B) Contested case proceedings

 In March 2006, the Board initiated formal disciplinary proceedings against appellant
based on appellant's care and treatment of E.R. A notice of hearing was filed by the Board's staff
on March 13, 2006, and, pursuant to the notice, a hearing date was set before an administrative law
judge at the State Office of Administrative Hearings for August 1-2, 2007. (1)

 During the discovery period prior to the hearing, the Board designated
Dr. Homer S. Arnold, M.D., and Dr. J. Marvin Smith, M.D., as expert witnesses and provided
appellant with copies of the reports of Drs. Arnold and Smith. After appellant requested deposition
dates for Drs. Arnold and Smith, the Board served appellant with a motion to de-designate
Dr. Arnold as a testifying expert. (2) Appellant then filed a supplemental witness list identifying
Dr. Arnold as an expert witness, and the Board objected. The ALJ issued Prehearing Order No. 6,
which granted the Board's motion to de-designate Dr. Arnold as a testifying expert and sustained the
Board's objection to appellant's supplemental witness list. The ALJ expressly found, "Dr. Arnold
should not be listed as a testifying witness for either party," and the order stated, "Dr. Arnold is not
subject to being deposed or called as a witness in this case."

 In April 2007, appellant filed a motion for summary judgment asserting the defense
of collateral estoppel. Appellant argued that the Board could not relitigate the issues of negligence
and standard of care that were previously litigated in the civil proceedings filed by E.R.'s family
against appellant. The ALJ denied appellant's motion, and a contested case hearing was held on
August 1-2, 2007.

 At the hearing, the Board alleged that appellant failed to provide adequate medical
care to E.R. because appellant failed to diagnose and treat her malignant lung mass in a timely
manner. As a result, the Board alleged that appellant failed to practice medicine in an acceptable
professional manner in violation of section 164.051(a)(6) of the Medical Practice Act. See Tex. Occ.
Code Ann. § 164.051(a)(6) (West 2004). The Board also alleged that appellant violated Board
rule 165.1 by failing to maintain adequate medical records in violation of section 164.051(a)(3) of
the Medical Practice Act. See id. § 164.051(a)(3); 22 Tex. Admin. Code § 165.1(a) (2010) (Tex.
Med. Bd., Medical Records). (3) In support of these allegations, the Board submitted documentary
evidence including E.R.'s medical records from appellant and other doctors who treated E.R. during
the relevant time period from April 2000 until her death in May 2002. Dr. Marvin Smith, a
board-certified thoracic surgeon, testified as an expert witness on behalf of the Board.

 The ALJ prepared a proposal for decision, which was considered by the Board during
its open meeting on April 11, 2008. In her proposal for decision, the ALJ concluded that appellant
had violated sections 164.051(a)(3) and (6) of the Medical Practice Act by violating a Board rule and
failing to practice medicine in an acceptable professional manner consistent with the public health
and welfare. See Tex. Occ. Code Ann. § 164.051(a)(3), (6). In conclusion of law number 10, the
ALJ recommended imposing a probated suspension of appellant's medical license for no more
than two years and an administrative penalty of no more than $5,000. The Board adopted the
PFD with the exception of conclusion of law number 10, which the Board construed as a
recommended sanction instead of a conclusion of law. In its final order, the Board imposed a
two-year probated suspension against appellant's medical license and ordered appellant to pay a
$3,000 administrative penalty.

 Appellant filed a motion for rehearing, which was overruled by operation of law. 
Appellant then sought judicial review of the Board's final order in a Travis County district court. 
The district court signed the final judgment affirming the Board's final order on April 8, 2009. 
Appellant appeals from this judgment.


ANALYSIS


 In various issues on appeal, appellant complains that the district court erred in
affirming the Board's final order because: (1) the Board violated its own rules, (2) the ALJ erred
in excluding the testimony of Dr. Arnold and evidence of appellant's character and reputation in the
community; (3) the final order contains technical errors and misstatements of fact that require
reversal; (4) the ALJ failed to require the Board to prove compliance with jurisdictional
requirements; and (5) collateral estoppel prevents relitigation of the issues of negligence and
standard of care because appellant prevailed on those issues in a civil trial. (4) For the reasons
discussed below, we conclude that the Board's order is supported by substantial evidence and that
appellant's complaints are without merit.


Standard of review

 We review the Board's final order under the substantial evidence rule. See Tex. Occ.
Code Ann. § 164.009 & revisor's note (West 2004); Tex. Gov't Code Ann. § 2001.174 (West 2008);
Ramirez v. Texas State Bd. of Med. Exam'rs, 995 S.W.2d 915, 919 (Tex. App.--Austin 1999, pet.
denied). Under substantial evidence review, we presume the Board's order is supported by
substantial evidence, and the complaining party bears the burden of proving otherwise. Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). The
complaining party cannot satisfy this burden merely by showing that evidence preponderates against
the agency's decision. Id. at 452. The test is not whether we believe the agency's decision was
correct, but whether there is a reasonable basis in the record to support the agency's action. Id. If
substantial evidence would support either affirmative or negative findings, a reviewing court must
resolve any conflict in favor of the agency's decision and uphold the agency's order. Id. at 453. We
may not substitute our judgment for that of the agency on the weight of the evidence on questions
committed to the agency's discretion. Id. at 452; see also Tex. Gov't Code Ann. § 2001.174. We
may reverse an agency's decision that prejudices substantial rights of the complaining party if the
decision is in violation of a constitutional or statutory provision, in excess of the agency's authority,
made through unlawful procedure or affected by other error of law, not reasonably supported by
substantial evidence, or arbitrary or capricious or characterized by an abuse of discretion. Tex. Gov't
Code Ann. § 2001.174(2)(A)-(F).

 We review the ALJ's decision to admit or exclude evidence for abuse of
discretion--the same standard we apply to trial courts. City of Amarillo v. Railroad Comm'n,
894 S.W.2d 491, 495 (Tex. App.--Austin 1995, writ denied). A trial court abuses its discretion in
admitting evidence if it acts without reference to guiding rules and principles, or if the act
complained of is arbitrary and unreasonable. Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 687 (Tex. 2002). As a reviewing court, we must uphold a trial court's evidentiary
ruling if there is any legitimate basis in the record to support it. Owens-Corning Fiberglas Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). Like a trial court, an ALJ has broad discretion when
deciding whether to admit expert testimony in an administrative hearing, and we will not disturb that
decision on appeal in the absence of an abuse of discretion. See Fay-Ray Corp. v. Texas Alcoholic
Beverage Comm'n, 959 S.W.2d 362, 367 (Tex. App.--Austin 1998, no pet.).


Alleged violations of Board rules

 In his first issue, (5) appellant argues that the Board violated its own rules because Board
rules do not permit the imposition of a probated suspension of appellant's medical license under the
facts of this case and the Board failed to consider mitigating factors as required in 22 Tex. Admin.
Code § 190.15 (2010) (Tex. Med. Bd., Aggravating & Mitigating Factors).


 A) Imposition of probated sentence

 In support of his claim that the Board cannot impose a probated suspension of
his license, appellant relies on subsection 190.14(7)(J)(ii)(I). See 22 Tex. Admin. Code
§ 190.14(7)(J)(ii)(I) (2010) (Tex. Med. Bd., Disciplinary Sanctions Guidelines). Appellant argues
that this is the proper rule under which the Board should have sanctioned him because this case
involved a single patient, who suffered no substantial harm, and there were no other aggravating or
mitigating circumstances. We disagree.

 Section 190.14 of the Board's rules sets forth the Board's disciplinary sanction
guidelines. Id. § 190.14. Subsection 190.14(1) states:


 The standard sanctions outlined below shall apply to cases involving a single
violation of the [Medical Practice] Act, and in which there are no aggravating or
mitigation factors that apply. The board may impose more restrictive sanctions when
there are multiple violations of the Act.




Id. § 190.14(1) (emphasis added). In addition, subsection 190.14(5) states, "Each statutory violation
constitutes a separate offense, even if arising out of a single act." Id. § 190.14(5). Thus, even in the
absence of patient harm or aggravating circumstances, the Board's rules expressly permit the Board
to impose more restrictive sanctions when a case involves multiple violations of the Medical Practice
Act. See id. § 190.14(1), (5).

 In its final order, the Board determined that appellant had violated subsections
164.051(a)(3) and (6) of the Medical Practice Act. See Tex. Occ. Code Ann. § 164.051(a)(3), (6). 
The Board found appellant had violated Board rules--specifically 22 Tex. Admin. Code § 165.1--by
failing to maintain adequate medical records in violation of subsection 164.051(a)(3) and that
appellant had "fail[ed] to practice medicine in an acceptable professional manner consistent with
public health and welfare" in violation of subsection 164.051(a)(6). Id. Because the Board found
multiple violations of the Medical Practice Act, we conclude that the Board acted within its
discretion to impose the more restrictive sanctions found in subsection 190.14(7)(J)(ii)(II), including
a probated suspension of appellant's medical license. See 22 Tex. Admin. Code § 190.14(1), (5). 
 We overrule appellant's claim to the contrary.


 B) Failure to consider mitigating factors

 In support of his claim that the Board violated its rules by failing to consider
mitigating factors, appellant cites subsection 190.15(b) of the Board's rules. This provision states:


 (b) Mitigation. In any disciplinary action, the following may be considered as
mitigating factors that warrant less severe or restrictive action by the board. 
The licensee shall have the burden to present evidence regarding any
mitigating factors that may apply in the particular case. A final order shall
include a finding of fact on each applicable mitigating factor.


22 Tex. Admin. Code § 190.15(b). The Board's rules further specify the following factors that may
be considered as mitigating factors:


 (1) self-reported and voluntary admissions of violation(s);


 (2) implementation of remedial measures to correct or mitigate harm from the
violation(s);


 (3) acknowledgment of wrongdoing and willingness to cooperate with the board,
as evidenced by acceptance of an Agreed Order;


 (4) rehabilitative potential;


 (5) prior community service and present value to the community;


 (6) other relevant circumstances reducing the seriousness of the misconduct; and, 


 (7) other relevant circumstances lessening responsibility for the misconduct. 


Id. § 190.15(b)(1)-(7).

 We construe the Board's rules in the same manner as statutes. See Rodriguez
v. Service Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999). Unless the rule is ambiguous, we
follow the rule's plain language, and our primary objective is to give effect to the Board's intent. 
See id. For this reason, we give deference to the Board's interpretation of its rule unless that
interpretation is clearly erroneous or contrary to the plain language of the rule. See Public Util.
Comm'n v. Gulf States Utils. Co., 809 S.W.2d 201, 207 (Tex. 1991); Cities of Dickinson v. Public
Util. Comm'n, 284 S.W.3d 449, 452 (Tex. App.--Austin 2009, no pet.).

 The plain language of the Board's rule regarding mitigating factors states that the
Board "may" consider the factors in subsection 190.15(b) as mitigating factors. 22 Tex. Admin.
Code § 190.15(b). The Board's use of the term "may" "creates discretionary authority or grants
permission or a power." See Tex. Gov't Code Ann. § 311.016(1) (West 2005). Under the plain
language of subsection 190.15(b), the Board has discretion to consider mitigating factors, but is not
required to do so. See id.

 In support of his claim that the Board failed to consider mitigating factors, appellant
refers to the following passages in the ALJ's proposal for decision:


 [Respondent] has been a thoracic surgeon for over forty years and was the chief
surgeon at the Chest Hospital in Harlingen, Texas, for twenty-seven years, where he
specialized in the treatment of tuberculosis.


* * *



 In mitigation, the evidence established that Respondent is a good physician with
many years of service to his community, especially to tuberculosis patients. There
was some evidence that his course of conduct was in accordance with ER's wishes.


We observe, however, that the Board adopted all of the ALJ's findings of fact, including:


 2. Respondent is a thoracic surgeon who specializes in diseases of the lungs and
served as the chief surgeon for the Chest Hospital of Harlingen, Texas, for
almost thirty years.


 3. Respondent has practiced medicine in Texas since 1965.




In addition, the Board adopted the ALJ's recommended sanction, including a two-year probated
suspension of appellant's medical license, an administrative penalty of $3,000, (6) and 20 hours of
continuing medical education in medical record keeping. Thus, the Board's final order includes
findings of fact on the mitigating factors as found by the ALJ.

 To the extent appellant argues that the Board was required to consider additional
mitigating factors or include additional findings of fact in its final order, we reject that complaint. 
The plain language of rule 190.15 allows the Board to consider mitigating factors, but does not
require the Board to do so. See 22 Tex. Admin. Code § 190.15(b). We overrule appellant's first
issue on appeal.


Evidentiary rulings

 In his second issue, appellant complains that the ALJ improperly excluded the
testimony of Dr. Arnold and evidence regarding appellant's character and reputation.


 A) Exclusion of Dr. Arnold's testimony and report

 Appellant contends that it was error for the ALJ to exclude Dr. Arnold's testimony
and expert report from the contested case hearing because the Board initially designated Dr. Arnold
as a testifying expert, but then sought to de-designate Dr. Arnold. By his complaint, we also
construe appellant to argue that it was error to grant the Board's motion to de-designate Dr. Arnold
as a testifying expert. We review the ALJ's decisions in these matters for abuse of discretion. See
Fay-Ray Corp., 959 S.W.2d at 367; City of Amarillo, 894 S.W.2d at 495.

 The record reflects that Dr. Arnold was a consulting-only expert used by the Board's
staff to prepare for the contested case hearing. The Board attorney originally assigned to the case
designated Dr. Arnold as a testifying expert. When this attorney left the Board and new counsel took
over the case, (7) counsel reviewed the case file and realized that Dr. Arnold had been inadvertently
designated as a testifying expert. Six days after filing notice of substitution of counsel, the Board's
new counsel filed a motion to de-designate Dr. Arnold. In support of its motion, the Board included
the affidavit of Dr. Arnold in which he averred that he was retained by the Board only to review the
records and give an opinion to Board staff about his views on the medical issues that formed the
basis for the Board's complaint against appellant. Dr. Arnold further averred that he never agreed
to be a testifying expert in this matter.

 Texas courts have consistently held that a testifying expert may be de-designated as
long as it is not part of a bargain between adversaries to suppress testimony or for some improper
purpose. See Tom L. Scott, Inc. v. McIlhany, 798 S.W.2d 556, 560 (Tex. 1990); In re State Farm
Mut. Auto. Ins. Co., 100 S.W.3d 338, 340-41 (Tex. App.--San Antonio 2002, orig. proceeding);
Lopez v. Martin, 10 S.W.3d 790, 794 (Tex. App.--Corpus Christi 2000, pet. denied); Castellanos
v. Littlejohn, 945 S.W.2d 236, 240 (Tex. App.--San Antonio 1997, orig. proceeding); Jones
& Laughlin Steel, Inc. v. Schattman, 667 S.W.2d 352, 355 (Tex. App.--Fort Worth 1984, orig.
proceeding). In the order granting the Board's motion to de-designate Dr. Arnold, the ALJ found
that "Dr. Arnold did not agree to provide anything other than consulting services, the designation
of him as a trial expert was in error, and [ ] there is no improper motive behind the de-designation." 
The ALJ also found that "[j]ust because [appellant] was provided with Dr. Arnold's report does not
obligate Staff to maintain Dr. Arnold's designation as its expert witness." On this record, we find
no abuse of discretion in the ALJ's decision to grant the motion to de-designate. We turn next to
appellant's complaint that it was error to exclude Dr. Arnold's testimony.

 The applicable rule on consulting experts is rule 192.3 of the Texas Rules of Civil
Procedure. Tex. R. Civ. P. 192.3. Rule 192.3(e) states in relevant part:


 The identity, mental impressions, and opinions of a consulting expert whose mental
impressions and opinions have not been reviewed by a testifying expert are not
discoverable.


Id. 192.3(e). Under this rule, as a consulting-only expert, Dr. Arnold's identity and his report,
including his mental impressions and opinions are not discoverable. Id. It necessarily follows that
if Dr. Arnold's identity and his report, including his mental impressions and opinions are not
discoverable, then they are likewise not admissible. See generally Tex. R. Civ. P. 192.3(a) (scope
of discovery); General Motors Corp. v. Gayle, 951 S.W.2d 469, 474 (Tex. 1997) ("Like the
work-product privilege, this consulting expert privilege grants parties and their attorneys a sphere
of protection and privacy in which to develop their case."); Werner v. Miller, 579 S.W.2d 455, 456
(Tex. 1979) (confirming that consulting-expert privilege allows "a consultant to investigate an
accident without the risk of furnishing a potential expert witness or at least a theory of recovery or
defense to the opposing party"). Because Dr. Arnold was properly considered a consulting-only
expert after de-designation, there was no abuse of discretion in the ALJ's decision to exclude his
testimony and report.

 But even if we agreed with appellant that the ALJ erred in excluding Dr. Arnold's
testimony and report, appellant cannot demonstrate that the exclusion of Dr. Arnold's testimony and
report prejudiced his substantial rights. See Tex. Gov't Code Ann. § 2001.174(2) (reviewing court
may reverse agency order only upon showing of error and prejudice to substantial rights). Assuming
arguendo that Dr. Arnold's testimony and report had been admitted into evidence at the contested
case hearing, the record would have still included the testimony of Dr. Smith, who testified that
appellant breached the standard of care by failing to document fully his treatment of E.R. and by
telling E.R. in July 2000 not to return until December. In July, E.R.'s condition had not been
diagnosed and cancer was the most likely cause of E.R.'s lung mass. The ALJ--as the sole judge
of witness credibility--remained free to accept or reject this evidence in whole or in part. See
Southern Union Gas Co. v. Railroad Comm'n, 692 S.W.2d 137, 141-42 (Tex. App.--Austin 1985,
writ ref'd n.r.e.). Moreover, as a reviewing court, we may not substitute our judgment for that of the
Board on controverted issues of fact. See Trapp v. Shell Oil Co., 198 S.W.2d 424, 436 (Tex. 1946). 
And we may not set aside the Board's decision merely because the testimony was conflicting. See
Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984). In
the face of this conflicting evidence, appellant cannot overcome the presumption that the Board's
order was supported by substantial evidence. See Charter Medical, 665 S.W.2d at 453. Nor can
appellant show that his substantial rights were prejudiced. See Tex. Gov't Code Ann. § 2001.174(2);
Charter Medical, 665 S.W.2d at 452 (citing Lewis v. Metropolitan Sav. & Loan Ass'n,
550 S.W.2d 11, 13 (Tex.1977) (evidence in record actually may preponderate against agency
decision and nonetheless amount to substantial evidence)); Gerst v. Goldsbury, 434 S.W.2d 665, 667
(Tex. 1968) (agency order must stand when substantial evidence would support either affirmative
or negative findings). Because we would find that the Board's order was supported by substantial
evidence even if Dr. Arnold's testimony and report had been admitted into evidence, we conclude
that any error in their exclusion was harmless. (8)


 B) Exclusion of character and reputation evidence


 Appellant next argues that the ALJ erred in excluding evidence of appellant's
character and reputation in the community. Specifically appellant argues that the ALJ erred in
excluding four letters from other doctors in the local medical community offered into evidence by
appellant at the contested case hearing. The Board responds that the ALJ's ruling should be affirmed
because appellant's character and reputation were not at issue in this proceeding and, therefore, the
letters were not relevant. 

 Section 2001.082 provides the standard for exclusion of evidence in a contested case
hearing. That section provides:


 In a contested case, evidence that is irrelevant, immaterial, or unduly repetitious shall
be excluded.

 


Tex. Gov't Code Ann. § 2001.082 (West 2008). Under section 164.051, the only relevant issue was
whether appellant's conduct in the treatment of E.R. violated the Medical Practice Act or Board
rules. See Tex. Occ. Code Ann. § 164.051(a)(3), (6). We therefore conclude that such character and
reputation evidence was not relevant to the issue under consideration.

 To the extent appellant argues that such evidence was relevant to show additional
mitigating factors, appellant has failed to demonstrate how such evidence would have changed the
outcome of the Board proceedings or the punishment assessed by the Board. See Tex. R. App. P.
44.1 (requiring appellant to show that error probably caused the rendition of an improper judgment 
or prevented appellant from properly presenting his case on appeal). We conclude there was no
abuse of discretion in the ALJ's exclusion of the letters submitted by appellant, and we overrule
appellant's second issue.


Alleged errors in the final order

 In his third issue, appellant complains that the Board's final order includes "technical
errors" and "misstatements of fact." Appellant challenges findings of fact 7, 8, and 13, 15, and 16 in
the Board's final order. We construe appellant to complain that these findings were not supported
by substantial evidence.

 As previously noted, we review the Board's order under the "substantial evidence
rule," and we presume the order is supported by substantial evidence. See Tex. Occ. Code Ann.
§ 164.009 & revisor's note; Tex. Gov't Code Ann. § 2001.174; Granek v. Texas State Bd. of Med.
Exam'rs, 172 S.W.3d 761, 778 (Tex. App.--Austin 2005, pet. denied); Ramirez, 995 S.W.2d at 919. 
Appellant has the burden of proving that the Board's order was not supported by substantial
evidence. See Granek, 172 S.W.3d at 778.


 Findings of fact 7 and 8 provide:

 7. Respondent's hand-written office notes for ER's twelve visits did not quite
fill two and a half pages and most entries consisted of a sentence or two and
lacked one or more of the following: a history, physical examination, chief
complaint, review of systems, evaluation, diagnosis, or plan of treatment.


 8. Respondent's medical records for ER's office visits were inadequate to
inform ER or other health care providers of her medical history, status,
responses to treatment, or the basis for Respondent's medical decisions
regarding her care.


These findings of fact merely summarize the testimony and documentary evidence presented at the
hearing. Appellant's medical records regarding the treatment of E.R. were submitted in evidence
at the hearing and finding of fact 7 accurately describes those records. In addition, the Board's
expert witness Dr. Marvin Smith testified that appellant's office notes lacked documentation of
E.R.'s clinical status and the medical reasons for treating E.R.'s lung mass as inflammatory instead
of cancerous, in origin, especially since Dr. Cesar Tumakay--a radiologist who examined the
CT scan of E.R.'s chest--listed lung cancer as the primary diagnosis in his report. Dr. Smith further
testified that appellant should have taken immediate steps to rule out cancer once the mass did not
clear when treated with antibiotics. We therefore conclude that findings of fact 7 and 8 are supported
by substantial evidence in the record, and we reject appellant's challenge to the contrary.


 Findings of fact 13, 15, and 16 provide:

 13. In May 2000, Respondent decided that, absent an open biopsy, the best
course was to monitor the lung mass with monthly x-rays.


* * * 



 15. In July 2000, it was not medically reasonable to change the period between
x-rays from one to four months because Respondent knew that cancer was the
most likely cause of ER's lung mass.


 16. Failing to evaluate a lung mass suspected of being cancerous for four months
was below the applicable standard of care.


Appellant argues that these findings "are not only unsupported by the evidence, but are just plain
wrong." Appellant implies that finding of fact 13 is incorrect because his treatment of E.R. began
in April, not May, and that he monitored E.R. with x-rays more frequently than monthly, by
requesting x-rays on April 7, April 22, May 19, and May 23. In addition, appellant contends that he
performed a bronchoscopy with a brushing on May 31, 2000. But finding of fact 13 does not reflect
the start date of appellant's treatment of E.R. Rather, this finding provides that in May 2000,
appellant decided to monitor E.R. with monthly x-rays on a going-forward basis. Appellant's own
testimony at the hearing supports this finding of fact.

 With regard to finding of fact 15, appellant contends that this finding of fact is a legal
conclusion that is not supported by the record. Appellant further contends that the ultimate finding
of fact is not supported by the evidence and the underlying findings of fact are not set forth in the
Board's order. 

 Under substantial evidence review, the label attached--"finding of fact" or
"conclusion of law"--is not determinative to our analysis. See Tex. Gov't Code Ann. § 2001.174.
An agency's articulation of underlying findings need not be in a particular format, and we will not
apply a "hypertechnical standard of review" to the agency's final order. See Goeke v. Houston
Lighting & Power Co., 797 S.W.2d 12, 15 (Tex. 1990) (quoting State Banking Bd. v. Allied Bank
Marble Falls, 748 S.W.2d 447, 449 (Tex. 1988)).

 Dr. Smith testified that appellant did not adequately monitor E.R. On direct
examination, Dr. Smith was asked, "Was it within the standard of care to tell this patient to return
in five months, and if not, why?" Dr. Smith responded:


 The answer is no. Once again, you have not resolved her problem. Her problem is
a mass in the lung, complicated subsequently by a bout of hemoptysis. And there's
no clear plan. There's no clear resolution of the problem.


In addition, the record reflects that, by July 2000, appellant had ruled out tuberculosis or infection
as the cause of the mass in E.R.'s lung, thereby leaving cancer as the most likely cause for the mass. 
We therefore conclude that finding of fact 15 is supported by substantial evidence.

 Moreover, our review of the Board's order demonstrates that the Board's underlying
findings were included in findings of fact 13 and 14, which provide that the appellant decided in May
2000 that "the best course was to monitor the lung mass with monthly x-rays" and that "[a]fter the
July 2000 x-ray showed the mass was stable" appellant told E.R. to return in December five months
later. The evidence thus supports the statement in finding of fact 15 that it was "medically
unreasonable" to change the monitoring frequency from one to four months only two months after
deciding that monthly monitoring was the best course of action. We reject appellant's challenge to
finding of fact 15.

 Appellant also argues that finding of fact 16 is not supported by the evidentiary record
because it is redundant and "serves no purpose other than to repeat the errors inherent in finding of
fact 15." Dr. Smith testified at the contested case hearing regarding the appropriate standard of care
and how appellant's conduct violated that standard of care. Dr. Smith testified that the standard of
care would have required more documentation in E.R.'s medical records than that provided by
appellant. He further testified that there was no documentation and a lack of a proposed plan of
treatment from July to December 2000, and that the standard of care was not met in this regard. We
conclude that Dr. Smith's testimony supports the Board's finding and, for the same reasons we
rejected appellant's challenge to finding of fact 15, we also reject appellant's challenge to finding
of fact 16.

 We therefore conclude that the Board's final order was supported by substantial
evidence and we overrule appellant's third issue.


Compliance with jurisdictional prerequisites


 In his fourth issue, appellant contends that the ALJ erred in failing to dismiss the
complaint against him based on the Board's failure to satisfy the jurisdictional prerequisites in APA
section 2001.054(c) and sections 164.003 and 164.004 of the Medical Practice Act. Appellant's
complaints relate to the requirements that he be given notice and an opportunity to show compliance
with the Medical Practice Act before the Board initiates formal proceedings against him at SOAH. 
See Tex. Gov't Code Ann. § 2001.054(c) (West 2008); Tex Occ. Code Ann. §§ 164.003 (West Supp.
2009) (informal proceedings), .004 (West 2004) (compliance with due process requirements). (9)

 The administrative record refutes appellant's complaints that these jurisdictional
requirements were not satisfied. The Board filed a sworn complaint with SOAH alleging violations
of the Medical Practice Act against appellant based on his treatment of E.R. In its sworn complaint,
the Board averred that an informal settlement conference was held on September 16, 2005 in
accordance with government code section 2001.054(c) and section 164.004 of the Medical
Practice Act. The Board's sworn complaint was sufficient to satisfy the statutory jurisdictional
requirements. See Tex. Gov't Code Ann. § 2001.054(c); Tex Occ. Code Ann. § 164.004; see also
Guerrero-Ramirez v. Texas State Bd. of Med. Exam'rs, 867 S.W.2d 911, 917-18 (Tex. App.--Austin
1993, no writ) (finding that Board complaint was sufficient to satisfy requirements in
section 2001.054 as long as it adequately informs the licensee of the subject matter of the hearing). 
We overrule appellant's fourth issue.


Collateral estoppel

 In his fifth and final issue, appellant contends that collateral estoppel precludes
relitigation of the issues of negligence and standard of care because those issues were already
litigated in the civil suit filed against appellant by E.R.'s family. We disagree.

 Collateral estoppel, or issue preclusion, may be invoked to preclude relitigation of
particular issues when "(1) the facts sought to be litigated in the second action were fully and fairly
litigated in the first action; (2) those facts were essential to the judgment in the first action; and
(3) the parties were cast as adversaries in the first action." Sysco Food Servs., Inc. v. Trapnell,
890 S.W.2d 796, 801 (Tex. 1994); see also Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628
(Tex. 1992). Because the Board and appellant were not "cast as adversaries" in the civil suit brought
against appellant by E.R.'s family, collateral estoppel does not bar relitigation of the issues of
negligence or standard of care in the administrative proceedings before the Board. See Sysco Food
Servs., Inc., 890 S.W.2d at 801. We overrule appellant's fifth issue.


CONCLUSION


 Having considered and overruled appellant's issues on appeal and finding that the
Board's final order was supported by substantial evidence, we affirm the district court's judgment
affirming the Board's final order.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: April 30, 2010
1. In July 2006, the Board's executive director suggested that appellant's case be referred to
the Disciplinary Process Review Committee for possible dismissal. Later that year, however, the
Board directed its staff to proceed with the contested case against appellant.
2. The Board's motion to de-designate Dr. Arnold as a testifying expert occurred after a
change in counsel for the Board. When the Board's new counsel was reviewing the file, counsel
discovered that Dr. Arnold should have been designated as a consulting expert, not a testifying
expert. See Tex. R. Civ. P. 192.3(e).
3. In 2000, rule 165.1(a) provided:


 Each licensed physician of the Board shall maintain an adequate medical record for
each patient. For purposes of this section, "adequate medical record" shall mean any
records documenting or memorializing the history, diagnosis, and treatment of any
patient.


22 Tex. Reg. 12489, 12490 (Dec. 19, 1997). This is the version of the rule that was in effect at the
time of appellant's conduct in this case.
4. To the extent appellant contends that the Board's final order prejudiced his substantial
rights, we do not construe this allegation as a separate point of error. Rather, it appears that
appellant's contention in this regard is that the Board's order is not supported by substantial evidence
and must be reversed because it prejudices appellant's substantial rights under the standard
announced in government code section 2001.174. See Tex. Gov't Code Ann. § 2001.174(2)
(West 2008).
5. Appellant's briefing sets forth this issue as two separate complaints. Because both
complaints allege violations of the Board's rules, we address them together.
6. The ALJ actually recommended a higher penalty amount of up to $5,000.
7. A notice of substitution of counsel was filed on March 7, 2007.
8. Appellant alternatively argues that the Board waived its consulting-expert privilege by
producing Dr. Arnold's report to appellant in discovery and by utilizing the report either through
improper ex parte communications or at an open meeting that occurred in December 2006. See Tex.
Gov't Code Ann. § 2001.061 (West 2008) ("Ex Parte Consultations"). Because we conclude the
error, if any, in the exclusion of Dr. Arnold's testimony and report was harmless, we need not
consider appellant's arguments that the Board waived its consulting-expert privilege. See Tex. R.
App. P. 47.1. In any event, other than his own assertions, appellant presents no evidence that the
Board improperly considered Dr. Arnold's report at the meeting or through ex parte communications. 
9. Section 2001.054(c) requires an agency to provide notice and an opportunity to show
compliance before taking formal action against a licensee. Tex. Gov't Code Ann. § 2001.054(c)
(West 2008). Sections 164.003 and 164.004 of the occupations code incorporate the requirements
in government code section 2001.054(c) and require the Board to adopt rules and procedures to
enforce these requirements and protect the due process rights of a licensee. See Tex. Occ. Code Ann.
§§ 164.003-.004 (West 2004 & Supp. 2009).